### PEOPLE *ex rel.* PENFIELD *v.* GEORGE, Commissioner.

(*Supreme Court, General Term, Second Department.* May 11, 1891.)

HIGHWAYS—REPAIRS—APPLICATION OF MONEYS.

    Money raised at a town meeting to work a recently laid out town road was expended by the highway commissioner in necessary general repairs of the highways in the town, and the expenditure was credited and allowed. Afterwards the village of M. was incorporated, and embraced all the road in question within its limits. *Held,* that the commissioner would not be required to expend the sum so raised on the road in question.

Appeal from special term, Westchester county.

Application by George J. Penfield for *mandamus* to Robert George, commissioner of highways of the town of Eastchester, to expend certain moneys raised at a town meeting in working a street within the village of South Mt. Vernon. There was a judgment for defendant, and petitioner appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*J. F. Brennan,* for appellant. *Pelham & McClellan,* for respondent.

BARNARD, P. J. On the 23d day of December, 1887, the commissioners of highways of Eastchester laid out a road, being an extension of Third street in the village of Mt. Vernon, from the village limits to the westerly boundary of the town. At the town meeting proceedings, held in March, 1887, there was raised for general highway purposes the sum of $1,700, and $900 for working this then unpaved street or highway. The tax was all collected out of the taxable property of Eastchester outside of Mt. Vernon village. After the road was opened, in December following, the damages for land taken were assessed, but nothing was ever done in respect to opening or working the road. The moneys in question have been expended in the general repair of highways in the town of Eastchester. The road in question is now entirely embraced within the corporate limits of South Mt. Vernon, which was incorporated in 1889, under the general act in relation to formation of villages. By the charter the village has exclusive control of its streets within the corporate limits. The defendant received the $900 from his predecessor in office, Mr. Fisher, with full knowledge that it was raised for a specified purpose in the spring of 1889. The defendant expended all the money in general highway and bridge repairs in the town, and his accounts were audited according to law; and there was left $80 on hand, unexpended, only. These repairs were necessarily made. I am of the opinion that the relator has no right to compel the commissioners of highways to expend the $900 upon the road in South Mt. Vernon. *First,* the moneys were subject to the general direction of the commissioners of highways, notwithstanding the vote of the town meeting; *second,* the moneys have been necessarily expended in the performance of the general duty of the commissioners of highways in respect to the town roads and bridges; *third,* the expenditure has been audited and allowed by the town

auditor, all of which happened before South Mt. Vernon was incorporated, and possibly this section had its proportion of benefit. *Lastly*, it is not too late to compel the commissioners to go into the corporate limits of South Mt. Vernon, and repair one of its roads. Chapter 377, Laws 1878; chapter 67, Laws 1860. These laws require the expenditure to be made in the town.

The judgment should therefore be affirmed, with costs. All concur.